UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Darrell J. DeBrew,

    Plaintiff,

-v-                                      Case No. 2:12–cv–170

Vickie Stringer, et al.,             Judge Michael Watson

    Defendants.

## OPINION AND ORDER

Plaintiff Darrell DeBrew ("Plaintiff" or "DeBrew") seeks injunctive relief and damages resulting from alleged copyright violations of "Keisha" and "Stacy"— books written by DeBrew and published by Defendant Triple Crown Productions, LLC ("Triple Crown"). Defendants Triple Crown and Vickie Stringer ("collectively Defendants") move to stay the entire action pending arbitration, ECF No. 30.

### I. FACTS

DeBrew is the author of two works of urban fiction, "Keisha" and "Stacy." Vickie Stringer ("Stringer") is the owner of Triple Crown, a publishing company. On January 17, 2005, DeBrew signed an Author-Publisher Agreement ("APA") with Triple Crown Publications, LLC which gave Triple Crown the right to publish and distribute "Keisha" and "Stacy."[1] As part of the publishing agreement, Triple Crown registered DeBrew's manuscripts with the United States Copyright Office on DeBrew's behalf. Triple Crown

---

[1] Triple Crown Publications, LLC became Triple Crown Productions, LLC when Stringer dissolved the business in Ohio and reincorporated it in Nevada.

published "Stacy" on September 1, 2005 and "Keisha" on November 1, 2005.

The partnership between DeBrew and Triple Crown has created both profit and strife. Triple Crown has paid DeBrew over $50,000 in royalties for the two books. Stringer Aff. ¶5, ECF No. 31-1. However, in July 2008, DeBrew demanded arbitration to settle a dispute over unpaid fees under the January APA and a subsequent contract. In May 2009, the arbitrator ordered Triple Crown to pay DeBrew royalties that it owed him. In November 2009, DeBrew sued Triple Crown in the Franklin County Court of Common Pleas, making claims which had been included in the previous arbitration and adding new claims. *DeBrew v. Triple Crown Publ'ns*, No. 09–cv–017615 (Fr. Cty. C.P.). On September 1, 2010, the court confirmed the arbitration award; stayed the action pursuant to Ohio Revised Code § 2711.02, which requires a stay pending arbitration; and ordered the parities to arbitrate the new issue pursuant to the arbitration clause in the APA. *DeBrew v. Triple Crown Publ'ns*, No. 09–cv–017615, slip op. at 2 (Fr. Cty. C.P. Sept. 1, 2010). It is not clear from the docket how the case resolved, but by July 2011, the court had terminated the case and denied a motion from Plaintiff to reopen the case.

While the Franklin County case was pending, Triple Crown decided to end its connection to DeBrew. On January 20, 2011, Triple Crown sent a letter informing DeBrew that based on its review of recent sales, it would be retiring "Keisha" and "Stacy" and would no longer print or store the novels. The letter invoked clause 13, article A of the APA which allowed Triple Crown, in its sole discretion, to discontinue publishing, distributing, and selling the works if it determined that further publication would no longer be profitable. Mot. Prelim. Inj. Ex. 2-8, ECF No. 2-2. The letter

informed DeBrew that Triple Crown would be contributing its remaining stock of the books to consignment loss. *Id.* On March 28, 2011, Triple Crown sent DeBrew another letter stating that it was ending its author/publisher relationship with DeBrew and reverting copyrights in the original manuscripts of "Keisha" and "Stacy" to DeBrew. Mot. Prelim. Inj. Ex. 2-10, ECF No. 2-2. Triple Crown reserved its rights in the editing and design elements of "Keisha" and "Stacy" as published by Triple Crown. *Id.*

After the reversion of rights, DeBrew became concerned his copyrights were being infringed because his books were still being sold online. In June 2011, DeBrew observed "Keisha" and "Stacy" listed for sale on the website of Defendant Amazon.com. Mot. Prelim. Inj. Exs. 2-17, 2-18, ECF No. 2-2. In September 2011, DeBrew observed "Keisha" and "Stacy" for sale on triplecrownpublications.com. Mot. Prelim. Inj. Exs. 2-24, 2-24, ECF No. 2-2. In October 2011, DeBrew purchased copies of "Keisha" and "Stacy" through Amazon.com. Throughout the second half of 2011, DeBrew exchanged letters discussing his copyrights with Triple Crown; Amazon.com; Ingram Content Group, an international book distributer; and Baker & Taylor, a national book distributor.

On February 24, 2012, DeBrew filed the instant action against Triple Crown, Stringer, Amazon.com, Inc. ("Amazon"), Ingram Book Group, Inc. ("Ingram"), and Baker & Taylor, Inc. ("Baker & Taylor") seeking damages and impoundment of copies of the books.[2]

---

[2] Although the complaint addresses Defendants as Amazon.com, Ingrams Content Group and Baker & Taylor Inc, Defendants are properly called Amazon.com, Inc., Ingram Book Group, Inc., and Baker & Taylor, Inc. The Court addresses the parties by their legal names.

## II. STANDARD OF REVIEW

The Court must stay any suit or proceeding which concerns "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3.[3] When a party moves to stay a case pending arbitration, this Court performs a four-step analysis: 1) determine whether the parties agreed to arbitrate; 2) determine the scope of the agreement; 3) if federal statutory claims are involved, assess whether Congress intended those claims to be nonarbitrable; and 4) if only some of the claims are subjected to arbitration, determine whether the remaining claims should be stayed. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003).

Any doubts as to arbitrability should be resolved in favor or arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Although the Federal Arbitration Act preempts state law and policies, state contract law governs whether the arbitration clause itself was validly obtained. *Fazio*, 340 F.3d at 393 (citing 9 U.S.C. § 2, *Southland Corp. v. Keating*, 465 U.S. 1, 10–11 (1984), and *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 686–87 (1996)).

## III. ANALYSIS

There is no dispute that the parties agreed to arbitrate claims arising from the APA. The APA contains a clause requiring arbitration of "any controversy arising under this Agreement." APA § 28, ECF No. 33. DeBrew does not argue the contract was invalid or that the arbitration clause was unenforceable at the time it was made. Furthermore, DeBrew has previously submitted to and has himself invoked the

---

[3] There is an exception to the mandate if the applicant for the stay is in default in proceeding with the arbitration. 8 U.S.C. § 3. Plaintiff does not argue that Defendants are in default.

arbitration clause in disputes between himself and Triple Crown.

Rather, what the parties dispute is the scope of the arbitration clause and whether it covers the claims in this case. Defendants argue that the claims in this case concern the right of Defendants to sell copies of the books it has in its possession and therefore arise out of the APA, which delineates the rights between the parties. DeBrew argues that because Triple Crown reverted his copyrights back to him the APA ended and therefore, the claims are about copyright infringement after the APA ended and do not arise out of the APA.

Regardless of whether the APA ended when Triple Crown reverted the copyrights in the books back to DeBrew, the claims at issue arise from the APA and the rights DeBrew granted to Triple Crown therein. "[W]hen a dispute arises under an expired contract that contained a broad arbitration provision, courts must presume that the parties intended to arbitrate their dispute. This is so even if the facts of the dispute occurred after the contract expired." *Hagy v. Demers & Adams, LLC*, No. 2:11–cv–530, 2012 WL 359577, at *4 (S.D. Ohio Feb. 2, 2012) (quoting *Riley Mfg. Co., Inc. v. Anchor Glass Container Corp.*, 157 F.3d 775, 781 (10th Cir. 1998)). Only those disputes that can be resolved "without reference to the agreement containing the arbitration clause" fall outside of the arbitration clause. *NCR Corp. v. Korala Assoc. Ltd.*, 512 F.3d 807, 814 (6th Cir. 2008). DeBrew's claims of copyright infringement necessarily require an evaluation of the APA and its division of rights between DeBrew and Triple Crown because the claims involve Triple Crown's right to sell copies of the books. Accordingly, the claims arise out of the APA, and the arbitration clause mandates arbitration of DeBrew's current claims.

DeBrew's claims involve federal causes of action under the Copyright Act and there is no indication Congress intended Copyright claims to be nonarbitable. *See generally Barrow Music Group v. Avista Records*, No. 1:10–cv–36, 2010 WL 6039845, at *3 (S.D. Ohio Dec. 17, 2010) (holding copyright claims subject to arbitration clause).

Finally, although arbitration is only required between Triple Crown and DeBrew, the Court stays the entire action because the liability of the other Defendants is dependent on the division of rights between Triple Crown and DeBrew. If, as Triple Crown contends, the copies of "Keisha" and "Stacy" sold and distributed by Amazon, Ingram, and Baker & Taylor were lawfully made by Triple Crown, those defendants are protected by the "first sale doctrine." The "first sale doctrine" holds that although a copyright holder controls the right to the underlying work, the owner of a particular copy can dispose of it in any manner he or she wishes. *Brilliance Audio, Inc. v. Haights Cross Comm., Inc.*, 474 F.3d 365, 371 (6th Cir. 2007); 17 U.S.C. § 109(a). Amazon, Ingram, and Baker & Taylor all distributed copies of "Keisha" and "Stacy" obtained from Triple Crown. Therefore, if Triple Crown acted lawfully, the other defendants did as well. To ensure judicial efficiency, the Court stays the entire action pending arbitration between Triple Crown and DeBrew.

Defendants' motion to stay the action, ECF No. 30, is **GRANTED**. The action is **STAYED** pending arbitration. The parties shall provide the Court with a written status update reporting the progress of arbitration on September 1, 2012.

**IT IS SO ORDERED.**

                                               **MICHAEL H. WATSON, JUDGE**
                                               **UNITED STATES DISTRICT COURT**