```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**DARRELL J. DeBREW,**

       **Plaintiff,**

                                Case No. 2:12-cv-170
   **vs.**                            Judge Watson
                                Magistrate Judge King

**VICKIE STRINGER,** *et al.***,**

       **Defendants.**

## OPINION AND ORDER

Plaintiff Darrell J. DeBrew, who is proceeding without the assistance of counsel, filed this action on February 24, 2012, seeking damages and injunctive relief from alleged copyright violations of two books written by him and published by defendant Triple Crown Productions, LLC ("Triple Crown"). On June 7, 2012, the Court granted defendants' motion to stay this action pending arbitration. *Opinion and Order*, Doc. No. 44. The Court determined that plaintiff and Triple Crown agreed to arbitrate the claims at issue in this case and that the entire case should be stayed because, *inter alia*, "the liability of the other Defendants is dependent on the division of rights between Triple Crown and DeBrew." *Id*. at pp. 4-6.

Arbitration proceedings have now been completed, resulting in an arbitration award in favor of defendant Triple Crown and against plaintiff. *See Arbitration Award*, attached to *Motion to Vacate the Arbitration Award* as Doc. No. 64-2. Defendants Vickie Stringer and Triple Crown have filed a motion to confirm that award pursuant to 9

U.S.C. § 9, *Defendants Vickie Stringer and Triple Crown Publications' Motion to Confirm Arbitration Award* ("*Motion to Confirm the Arbitration Award*"), Doc. No. 61, and plaintiff has filed a motion to vacate that award, *Motion to Vacate Arbitration Award Pursuant to Federal Arbitration Act* ("*Motion to Vacate the Arbitration Award*"), Doc. No. 64.  Defendant Amazon.com, Inc. ("Amazon.com"), has filed a motion for summary judgment, *Defendant Amazon.com's Motion for Summary Judgment*, Doc. No. 76, and defendant Ingram Book Group, Inc. ("Ingram"), has filed a motion for summary judgment, *Motion of Defendant Ingram Book Group Inc. for Summary Judgment*, Doc. No. 78. Defendant Baker & Taylor, Inc. ("Baker & Taylor"), is expected to file a dispositive motion "shortly."  See Doc. No. 77.

This matter is now before the Court for consideration of *Defendants' Motion to Stay Discovery*, Doc No. 66.  Defendants seek to stay discovery in this action until the *Motion to Confirm the Arbitration Award*, the *Motion to Vacate the Arbitration Award*, and defendants' dispositive motions are resolved.  Plaintiff opposes *Defendants' Motion to Stay Discovery* on the basis that discovery is necessary to challenge the arbitration award.  *Motion to Compel Discovery and Deny Defendants' Request to Stay Discovery or Deny It* ("*Plaintiff's Response*"), Doc. No. 69.  Defendants have filed a reply, Doc. No. 77.  This matter is now ripe for consideration

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1). Nevertheless, Rule 26 provides that a person resisting discovery may

2

move the court, for good cause shown, to protect the person or party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the . . . discovery." Fed. R. Civ. P. 26(c)(1)(A).  "'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"  *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"  *Id.* (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Ordinarily, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 U.S. Dist. LEXIS 103399, at *4 (S.D. Ohio Sept. 16, 2010).  *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, at *3 (S.D. Ohio Sept. 7, 2010).  In determining whether or not to grant a stay of discovery, however, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery."  *Bowens*, 2010 U.S. Dist. LEXIS 103399 at *3 (citing *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 U.S. Dist. LEXIS 21288, at *1 (S.D. Ohio Mar. 4, 2008)).

The circumstances of this case justify a stay of discovery.  As discussed *supra*, the Court stayed this case pending arbitration

between plaintiff and Triple Crown.  Doc. No. 44.  Arbitration has resulted in an award in favor of defendant Triple Crown and defendants Stringer and Triple Crown seek to confirm that award, Doc. No. 61. In moving to vacate that award, Doc. No. 64, plaintiff acknowledges that he faces a "high hurdle," but he argues that discovery is necessary to "shed light on defendants' pass [sic] dealings with Copyright Infringement and Contracts," to "prove or disprove the applicability of the First Sale Doctrine," and to disclose defendants' fraud. *Plaintiff's Response*, pp. 2-4.

Although the Court expresses no opinion as to the merits or ultimate resolution of defendants' *Motion to Confirm the Arbitration Award* or of plaintiff's *Motion to Vacate the Arbitration Award*, it is the opinion of the Court that discovery will not assist the Court in the resolution of those motions.  The Court previously held that the liability of defendants Amazon.com, Ingram, and Baker & Taylor "is dependent on the division of rights between Triple Crown and DeBrew . . . . [I]f Triple Crown acted lawfully, the other defendants did as well."  *Opinion and Order*, Doc. No. 44, p. 6. The arbitrator concluded that plaintiff has "no legal grounds for recovery against [Triple Crown] based on copyright infringement or breach of contract." *Arbitration Award*, p. 4.  Thus, if the arbitration award is confirmed, it follows that no discovery will be necessary to determine the remaining defendants' liability.   In any event, should the award be vacated and should discovery be appropriate, the parties will be afforded the opportunity to conduct discovery at that time. Accordingly, the limited benefit, if any, to plaintiff of proceeding

4

with discovery at this time is significantly outweighed by the burden and expense to defendants and the Court.  *Defendants' Motion to Stay Discovery*, Doc No. 66, is therefore **GRANTED**.

Discovery is **STAYED** pending resolution of defendants' *Motion to Confirm the Arbitration Award*, Doc. No. 61, plaintiff's *Motion to Vacate the Arbitration Award*, Doc. No. 64, and of defendants' motions for summary judgment.

*Plaintiff's Response*, Doc. No. 69, is titled *Motion to Compel Discovery and Deny Defendants' Request to Stay Discovery or Deny It*. To the extent that the filing seeks to compel discovery pursuant to Fed. R. Civ. P. 37, it is for the foregoing reasons, **DENIED.**

On April 18, 2013, plaintiff filed a motion to amend the complaint. Doc. No. 26. The time for responding to the motion passed without response before the action was stayed. If defendants intend to oppose the motion to amend the complaint, they shall file their response within fourteen (14) days of the date of this *Opinion and Order.*  Plaintiff may have fourteen (14) days thereafter to reply in support of that motion.

September 3, 2013                              *s/Norah McCann King*
                                              Norah M$^c$Cann King
                                       United States Magistrate Judge